**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Cuyahoga Lakefront Property, LLC.,** | ) | **CASE NO.  1:13 CV 1319** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **City of Cleveland,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**Introduction**</u>

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 24).  This case arises out of the issuance of a permit by the City of Cleveland to a movie production company which had the effect of blocking entrance to plaintiff's parking lot. For the following reasons, the motion is GRANTED.

<u>**Facts**</u>

Plaintiff Cuyahoga Lakefront Property, LLC filed this Complaint against defendant City of Cleveland challenging a permit issued by the City on May 1, 2013.

Plaintiff owns a commercial parking lot located at 600 Front Avenue in Cleveland, the main access of which is located on West 3rd Street between Lakeside Avenue and Alfred

1

Lerner Way.  (Compl. ¶ 5) On April 10, 2013, Vita-Ray Productions LLC (hereafter, the movie production company) applied for a permit from defendant to close West 3d Street from June 1, 2013 through June 16, 2013 for the purpose of filming scenes for the movie *Captain America: The Winter Soldier.*  Defendant approved the permit on May 1, 2013. (Doc. 24 Ex. 1; Tangee Johnson decl.)[1] The defendant "alerted the general public to the closing location, dates, and times via a 'media blast' that alerted local television and electronic media which subsequently alerted the general public via numerous media reports."  (Johnson decl.)  As a condition of granting the permit, defendant required the movie production company to notify all affected businesses in writing prior to the closing of West 3rd. (*Id.*)

A May 6, 2013 email from the movie production company to a representative of plaintiff seeks the parking lot's "financial numbers" and states, "We would like to make [plaintiff] a financial offer for the loss of business during our West 3rd Street road closure asap."  (Doc. 25 Ex. 5) By email of May 14, 2013, the movie production company offered plaintiff $17,000 for the expected loss of business and a "stunt fee." Plaintiff responded by email of May 21, 2013 with a proposal of $163,457.00 to compensate plaintiff for the two week loss of business, the long-term effects of losing the business, and the "stunt fee." (*Id.* Exs 6, 7)

On June 4, 2013, plaintiff filed a Complaint against defendant in the Cuyahoga County Court of Common Pleas, Case No. CV-13-808467.  A copy has not been provided to this Court.  The case was dismissed without prejudice on June 18, 2013.  Plaintiff also filed a

---

[1]    All facts are taken from evidence submitted by defendant in support of its motion given that plaintiff did not provide any evidentiary material.

2

Complaint against the movie production company in that same court, Case No. CV-13-808299.  An agreement to settle that case for $13,500 was executed by the parties in June and July 2013. (Doc. 24 Ex. 9)

West 3rd Street was closed between June 1 and June 16, 2013.  During that time, customers regularly and freely entered and exited the plaintiff's parking lot via the West 9th Street entrance.  Signs were placed around Downtown Cleveland directing the public to the West 9th Street entrance to the parking lot during the entirety of the closure.  (Sergeant Robert Bartos decl.; Commissioner James Muhic decl) James Muhic, Commissioner of the Cleveland Division of Police Bureau of Traffic, states that he approved the permit closing West 3rd Street only after assuring that plaintiff's  parking lot would have ingress and egress from West 9th Street which would allow the lot to remain open for business.  (Muhic decl.)

 This Complaint was filed on June 14, 2013 and alleges that the permit blocking all pedestrian and vehicular access to West 3rd Street from Lakeside Avenue to Alfred Lerner Way prevented plaintiff's customers from accessing the main entry point of the parking lot. Five causes of action were asserted.  Counts One and Two allege an unconstitutional taking of property under the Fifth Amendment to the United States Constitution and the Ohio Constitution.  Counts Three and Four allege a violation of substantive due process under the federal and Ohio constitutions. Count Five alleges a deprivation of rights under 42 U.S.C. § 1983.

On May 27, 2014, plaintiff filed a Verified Complaint for Writ of Mandamus in the Ohio 8th Appellate District Court of Appeals, Case No. CA 14 101438, against defendant alleging a taking of private property under the Ohio and federal constitutions, seeking

3

compensation. That matter remains pending.

This matter is now before the Court upon defendant's Motion for Summary Judgment.

**<u>Standard of Review</u>**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec.*

4

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) Counts One and Two**

Defendant argue that the takings claims are not ripe for review. The Sixth Circuit has addressed this issue in *Coles v. Granville*, 448 F.3d 853 (6th Cir. 2006). There, the court recognized that the Takings Clause does not prohibit the government from taking private property; it prohibits the government from taking private property without just compensation and such a claim is not ripe for review unless a property owner is denied such compensation. The landowner, therefore, must first pursue available state procedures. Ohio provides an adequate procedure for seeking just compensation in the state courts by initiating a mandamus action.

Plaintiff herein filed its mandamus action in the state court and it is currently pending. Until plaintiff has exhausted its action there and been denied just compensation, this Court lacks subject matter jurisdiction over the federal and state takings claims because they are not

5

ripe for review.[2]  Accordingly, Counts One and Two are dismissed without prejudice.  *See Scrap Yard, LLC v. City of Cleveland*, 513 Fed. Appx. 500 (6th Cir. 2013)(Takings claim was dismissed without prejudice pending exhaustion of state remedies.) and *Peters v. Fair*, 427 F.3d 1035 (6th Cir. 2005) (The takings claim is properly dismissed without prejudice which would allow the plaintiff to reassert it should it become ripe in the future.)

### (2) Counts Three and Four- Substantive Due Process (federal and state)

Defendant argues that the substantive due process claims fail because there is no evidence that there was no rational basis for the issuance of the permit and, therefore, there was no arbitrary and capricious action.

In its briefs, plaintiff does not set forth specific arguments refuting the motion's assertions regarding substantive due process.  Plaintiff states that its "assertion that a due process claim exists independent of plaintiff's takings claims is ripe for adjudication because of the nature of this case: the physical taking of the property took place without any process or notice and opportunity to be heard...."  (Doc. 32 at 7)  Plaintiff also states that while its "substantive due process claim may depend upon the existence of a taking, plaintiff's procedural due process claim does not."  (Doc. 32 at 12) Plaintiff then devotes the remainder of its argument to procedural due process. (*Id.* at 12-14) Plaintiff, however, did not allege a procedural due process claim in its Complaint.  In fact, plaintiff later sought to amend its Complaint to delete its takings claims (based on ripeness) and *add* a procedural due process claim.  That motion was denied.

---

[2]     Defendant alternatively argues that even if the claims were ripe, both federal and state takings claims fail.  The Court will not reach the merits of the claims given that they are not ripe.

As there is no procedural due process claim before the Court and plaintiff fails to refute the defendant's arguments regarding substantive due process, these claims fail.[3]

**(3) Count Five- § 1983**

Plaintiff asserts that this claim is based on a violation of procedural due process. (doc. 27 at 15) As procedural due process is not alleged, this claim fails.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/17/14

---

[3]    In a sur-reply brief, plaintiff states that its federal substantive due process claim is "arguably" unripe pending the outcome of the writ of mandamus, and that its state substantive due process claim is "probably ripe for adjudication; but ought to be heard along with the similar federal takings claims and substantive due process claims if and when they become ripe."  (Doc. 31 at 5) Plaintiff states that the "central issue" is procedural due process and discusses that issue at length. (*Id.* 6-10)